UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MARKEESE MITCHELL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 17-11792-RGS |
| ) | |
| STEVEN SILVA, ) | |
| ) | |
| Respondent. ) | |

REPORT AND RECOMMENDATION ON MOTION
FOR A STAY OF THE HABEAS CORPUS PETITION
[Docket No. 29]

June 12, 2019

Boal, M.J.

On September 19, 2017, Markeese Mitchell filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Docket No. 1 (the "Petition").[1] On December 12, 2018, Mitchell filed a motion seeking a stay of the Petition in order to exhaust one additional claim in state court. Docket No. 29. For the reasons set forth below, this Court recommends that the District Judge deny that motion.[2]

I.   FACTUAL AND PROCEDURAL BACKGROUND

On May 24, 2010, a Suffolk County jury convicted Mitchell and three co-defendants of second-degree murder. Supplemental Answer ("S.A.") 8. The trial judge sentenced Mitchell to

---

[1] Citations to "Docket No. ___" are to documents appearing on the Court's electronic docket. They reference the docket number assigned by CM/ECF, and include pincites to the page numbers appearing in the top right corner of each page within the header appended by CM/ECF.
[2] On January 29, 2019, the District Judge referred the instant motion to the undersigned. Docket No. 34.

1

life in prison.  Id.

Mitchell filed a timely notice of appeal on May 25, 2010.  S.A. 8, 121.  On December 3, 2012, Mitchell and his co-defendants filed a joint motion pursuant to Commonwealth v. Fidler, 377 Mass. 192 (1979), superseded by statute, Mass. R. Prof. C. 3.5, as recognized in Commonwealth v. Moore, 471 Mass. 541 (2015), in which they sought to question a juror about potential bias.  S.A. 8; see also S.A. 158.  On June 28, 2013, after an evidentiary hearing, the trial court denied the motion.  S.A. 9, 158-67.  The court specifically found that the movants had shown only that the juror did not divulge that she shared "a biological father with two individuals who had experience with the law," which the juror did not list on her questionnaire.  S.A. 166.  The movants failed to show, however, that the juror knew of these experiences or had a close relationship with her two half-siblings.  Id.  Accordingly, the court concluded that the movants had not demonstrated extraneous influence or bias and there was no basis to subject the juror to a post-verdict inquiry.  Id.

On January 28, 2016, the Massachusetts Appeals Court ("MAC") affirmed Mitchell's conviction as well as the denial of the Fidler motion.  S.A. 18; Commonwealth v. Mitchell, 89 Mass. App. Ct. 13 (2016).  On February 18, 2016, Mitchell filed an application for further appellate review ("ALOFAR") with the Massachusetts Supreme Judicial Court ("SJC"), which did not include a juror bias claim.  S.A. 378-403.  The SJC denied the ALOFAR on April 28, 2016.  S.A. 18.[3]  He then filed a petition for a writ of certiorari with the U.S. Supreme Court, which was denied on October 3, 2016.  Mitchell v. Massachusetts, 137 S. Ct. 232 (2016).

---

[3] In his ALOFAR, Mitchell argued that (1) the court's admission of "obviously redacted" statements of his co-defendants violated the Sixth Amendment Confrontation Clause; (2) his statement to the police should have been suppressed on account of his age; (3) a mandatory life sentence imposed on a juvenile is cruel and unusual punishment in violation of the Eighth

2

Mitchell represents that, on June 29, 2017, one of his co-defendants filed a motion in state court based on newly discovered evidence that the juror posted on her social media accounts.  Docket No. 30 at 3.  On October 26, 2017, Mitchell himself filed a renewed Fidler motion based on the same information.  S.A. 11; see Docket No. 30-1.  On April 13, 2018, the trial court held an evidentiary hearing at which the juror testified.  Docket No. 33-1 at 16; see also Docket No. 30-3.  On or about June 6, 2018, Mitchell filed a motion for a new trial.  Docket Nos. 33-1 at 16; 30-2.  The trial court denied that motion on August 10, 2018 and found that the juror was not biased.  Docket Nos. 33-1 at 17; 30-5.  On August 22, 2018, Mitchell filed a notice of appeal.  Docket No. 33-1 at 17.

Mitchell timely filed the Petition on September 19, 2017.  Docket No. 1.  On December 12, 2018, Mitchell filed the instant motion seeking a stay and abeyance of the Petition to permit him to exhaust a claim of juror bias in the state courts.  Docket No. 29.  Respondent opposed the motion.  Docket No. 33.  This Court heard oral argument on May 15, 2019, after which it gave the parties additional time to brief a statute of limitations issue.  Docket No. 37.  Only Respondent filed a supplemental memorandum.  Docket No. 38.  Respondent argued that this Court should deny the motion for a stay because an exhausted juror bias claim would be time-barred under the applicable statute of limitations.  Id.

## II. DISCUSSION

A federal court may not consider a petition for a writ of habeas corpus filed under Section 2254 unless the petitioner has exhausted state court remedies for all claims raised in the petition. 28 U.S.C. § 2254(b)(1).  Generally, a federal court presented with a "mixed" petition, i.e., one

---

Amendment; and (4) the court's admission of certain police testimony was an abuse of discretion.  S.A. 378-403.

3

that includes both exhausted and unexhausted claims, must dismiss the petition or allow the petitioner to voluntarily dismiss the unexhausted claims. See Rose v. Lundy, 455 U.S. 509, 515, 520 (1982). Under limited circumstances, however, a federal court may stay a mixed petition and hold it in abeyance while the petitioner exhausts remedies in state court. Rhines v. Weber, 544 U.S. 269, 278 (2005). Once unexhausted claims have become exhausted in state court, the petitioner may proceed again with the habeas petition in federal court. Id. This procedure allows petitioners to exhaust state remedies and then return to federal court without running afoul of the statute of limitations applicable to habeas petitions. Id. at 275.

A stay, however, is "available only in limited circumstances," id. at 277, so as not to undermine Congress' design in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") to encourage finality in criminal proceedings and to streamline the federal habeas process. Josselyn v. Dennehy, 475 F.3d 1, 4 (1st Cir. 2007) (citing Rhines, 544 U.S. at 277). Therefore, a stay is only appropriate if the petitioner meets the three-part Rhines test, which requires him to show "that there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." Id.

It is undisputed that Mitchell has exhausted his state court remedies with respect to the grounds for relief asserted in the Petition. Mitchell's Petition, therefore, is not a typical "mixed" petition that includes both exhausted and unexhausted claims. Rather, Mitchell seeks to delay resolution of the instant Petition for the sole purpose of exhausting one additional claim (not included in the Petition) in state court. Courts in this district have treated similar petitions as mixed petitions for purposes of the Rhines analysis because their "obvious purpose is to allow for the amendment of the petition to include the currently unexhausted claim." Womack v. Saba,

No. 11-40138-FDS, 2012 WL 685888, at *2 (D. Mass. Mar. 1, 2012); see also Santana v. Ryan, No. 14-cv-14097-ADB, 2015 WL 4576913, at *3 (D. Mass. July 30, 2015); Roman v. Ryan, No. 12-30160-TSH, 2014 WL 5112112, at *2 (D. Mass. Oct. 10, 2014).

Mitchell maintains that there is "good cause" for his failure to exhaust the juror bias claim; such claim is potentially meritorious; and he has not engaged in dilatory tactics. However, even if Mitchell has met the requirements for a stay, this Court finds that a stay is futile because any amendment to add the new claim would not relate back to the date of the Petition. Therefore, that claim would be barred by the statute of limitations. In any event, Mitchell has not demonstrated "good cause" for his failure to exhaust the juror bias claim.

A.   Futility Of Stay

Under the AEDPA, a federal habeas petition must be filed within one year of the latest of four dates, only one of which is applicable here: "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see Lessieur v. Ryan, No. 16-cv-10831, 2016 WL 3561877, at *2 n.2 (D. Mass. June 27, 2016). Here, Mitchell's conviction became final, and the one-year statute of limitations began to run, on October 3, 2016, when the U.S. Supreme Court denied his petition for a writ of certiorari. Thus, absent any tolling,[4] the one-year limitations period expired on October 3, 2017.

Because the statute of limitations has passed, Mitchell's new claim would be untimely unless it relates back to his original petition under Rule 15(c) of the Federal Rules of Civil

---

[4] Mitchell filed a motion for a new trial on or about June 6, 2018. Docket No. 33-1 at 16; see Docket No. 30-2. Such a motion tolls the statute of limitations only when filed before the limitations period has run. Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005). In other words, it does not reset the statute of limitations period when the period expired before the motion was filed. Id.

5

Procedure.  See Rule 12 of the Rules Governing Section 2254 cases; Fed. R. Civ. P. 81(a)(4). Rule 15(c) provides that an amendment "relates back to the date of the original pleading when . . . the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  In the habeas context, an amendment relates back only where both the original and amended petitions "state claims that are tied to a common core of operative facts."  Mayle v. Felix, 545 U.S. 644, 664 (2005).  An amended habeas petition, however, "does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id. at 650.  Under this standard, it is not sufficient for a newly asserted claim to simply arise from the "same trial, conviction, or sentence," as those claims asserted in the original petition.  Id. at 662-64.

Here, the Petition alleges that (1) the trial court improperly admitted incriminating statements of Mitchell's co-defendants at their joint trial in violation of the Sixth Amendment Confrontation Clause and (2) the police did not provide Mitchell with Miranda warnings before questioning him in violation of his Fifth Amendment right to due process.  Docket No. 1 at 5, 7.

If his state court appeal is unsuccessful, Mitchell will seek to amend the Petition to add a claim of juror bias.  That new claim is different in both time and type from those in the Petition and does not relate back to the date of the Petition.  The undersigned therefore finds that any attempt by Mitchell to amend the Petition to add a juror bias claim would be futile because that claim is barred by the AEDPA statute of limitations.  Accordingly, for this reason alone, this Court finds that a stay is not appropriate in this case.

B.     Lack Of "Good Cause"

In addition, Mitchell has not shown "good cause." Mitchell argues that the juror bias claim is based on evidence that his co-defendant discovered well after Mitchell's direct appeal process had concluded, as well as evidence that developed after he filed the Petition. Docket No. 30 at 9. Mitchell claims that he filed the Petition to comply with the applicable one-year statute of limitations and, at that time, raised the exhausted claims he could then raise. Id. Respondent avers that Mitchell has not demonstrated "good cause" because his co-defendant first introduced the evidence into the record more than two months before Mitchell filed the Petition. Docket No. 33 at 4. Respondent maintains that Mitchell could have filed a motion for a new trial in that two-month period, which would have tolled the statute of limitations. Id.

"There is little authority on what constitutes 'good cause' for failing to exhaust state remedies," but "[r]elevant cases from the First Circuit make clear that the bar for petitioners is high." Marchetti v. O'Brien, No. 15-14161-GAO, 2016 WL 5660412, at *4 (D. Mass. Sept. 29, 2016) (quoting Roman, 2014 WL 5112112, at *3). In any event, failure to exhaust claims due to a strategic decision in state court does not constitute good cause. Womack, 2012 WL 685888, at *4 (citing Clements v. Maloney, 485 F.3d 158, 169-70 (1st Cir. 2007)). Indeed, "[t]he intentional decision to omit some claims from the ALOFAR cannot amount to good cause." Clements, 485 F.3d at 170.

Mitchell maintains that because his "renewed claim" is based on evidence that his co-defendant newly discovered, "he could not have exhausted [it] any sooner." Docket No. 30 at 9. However, this "newly discovered" evidence does not fundamentally change the nature of Mitchell's original juror bias claim, which he did not present to the SJC and which, therefore, is unexhausted. See Clements, 485 F.3d at 162 (citing Mele v. Fitchburg Dist. Court, 850 F.2d

7

817, 823 (1st Cir. 1988)); Adelson v. DiPaola, 131 F.3d 259, 263 (1st Cir. 1997) (In analyzing exhaustion, "the decisive pleading is the application for further appellate review . . ."). Indeed, Mitchell renewed his Fidler motion and filed a new trial motion in order to present the state courts with additional evidence to buttress his original juror bias claim. He now seeks to pursue an appeal of the state court's decision denying his new trial motion. However, he could have presented the juror bias claim to the SJC in 2016 with the evidence then available. Any stay for Mitchell to pursue a claim incorporating this new evidence would allow him to circumvent his failure to exhaust the original claim in the first instance. Accordingly, he has not demonstrated "good cause" for a stay.[5]

## III.  RECOMMENDATION

For the foregoing reasons, this Court recommends that the District Judge deny Mitchell's motion for a stay.

## IV.  REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72 and Habeas Corpus Rule 8(b). The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's

---

[5] A petitioner's inability to show "good cause," by itself, precludes a stay. Santana, 2015 WL 4576913, at *4. Accordingly, the undersigned need not address the remaining prongs of the Rhines analysis.

order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir. 1993).

/s/ Jennifer C. Boal\
JENNIFER C. BOAL\
United States Magistrate Judge