UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11792-RGS

MARKEESE MITCHELL

v.

STEVEN SILVA

ORDER ON THE REPORT AND RECOMMENDATION OF THE
MAGISTRATE JUDGE ON
PETITION FOR HABEAS CORPUS

January 2, 2020

STEARNS, D.J.

I agree with Magistrate Judge Boal's well-reasoned Report and with her Recommendation that Markeese Mitchell's Petition for Writ of Habeas Corpus be denied. As she carefully explains with respect to the two grounds advanced for relief: (1) the Massachusetts Appeals Court was well within established Supreme Court precedent in rejecting petitioner's claim of a violation of the Confrontation Clause;[1] and (2) the Appeals Court made no

---

[1] As the Magistrate Judge notes, the Appeals Court correctly found that the redacted statement of codefendant Paul Goode was neither facially nor inferentially incriminating of the petitioner, which is all that *Bruton* and its progeny require. Petitioner's argument that Goode's statement, when linked by inference or context to other independent evidence in the case, specifically who was or was not identified as present at the scene of the murder, "considered as a whole, is incriminating in its face," was rejected by the

constitutional error in adopting the findings and reasoning of the motion judge, who after an evidentiary hearing, found that the statement petitioner made to police was neither coerced nor involuntary.[2]

Consequently, the Recommendation is <u>ADOPTED</u>, and Mitchell's Petition for Writ of Habeas Corpus is <u>DENIED</u>.[3] Petitioner is further advised that any request for the issuance of a Certificate of Appealability, pursuant to 28 U.S.C. § 2253, of this Order denying his petition for Writ of Habeas Corpus is also <u>DENIED</u>, the court seeing no meritorious or substantial basis supporting any such appeal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE

---

Supreme Court in the very case on which he principally relies. *See Gray v. Maryland*, 532 U.S. 185, 196 (1998).

[2] The interview was conducted at the petitioner's grandfather's home around a kitchen table with his grandfather and father present as "interested adults." Far from being browbeaten into a confession, the (then) 16-year-old petitioner vigorously denied any involvement in the crime, even when accused by the officers of being less than truthful.

[3] On December 31, 2019, petitioner submitted his objections to the Report and Recommendation. While cogently presented, the objections simply repeat the arguments that were presented to and rejected by the Magistrate Judge.